Andrew G. Strickland, CA Bar No. 272364
LEE & HAYES, P.C.
75 14th Street, Suite 2500
Atlanta, GA 30309
Phone: (404) 815-1900
Fax: (404) 817-1700
Andrew.Strickland@leehayes.com

*Attorney for Defendants IntelliARMOR
and Adam Anderson*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

SANHO CORPORATION, a California corporation;

Plaintiffs,

v.

INTELLIARMOR, a California corporation; ADAM ANDERSON, an individual; DOES 1-10

Defendants.

No. 5:19-CV-07305-LHK

**DEFENDANTS' MOTION TO DISMISS THE COMPLAINT UNDER RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AND FOR IMPROPER VENUE UNDER 28 U.S.C. § 1404(b)**

**Hearing Date**: July 30, 2020
**Hearing Time**: 1:30 PM
**Courtroom**: 8, 4th Floor
**Complaint Filed**: November 6, 2019

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD: PLEASE TAKE NOTICE that on July 30, 2020 at 1:30 PM., in Courtroom 8 of the United States Courthouse at 280 South 1st Street, San Jose, California 95113, the Honorable Lucy H. Koh presiding, Defendants will, and hereby do, move to dismiss the Complaint in its entirety for failure to state a claim against Adam Anderson under Federal Rule of Civil Procedure 12(b)(6); dismiss Counts II, III, and IV of the Complaint for failure to state a claim upon which relief can be granted; and to dismiss the Complaint under 28 U.S.C. §1400(b) for improper venue.

Defendants seek the dismissal on these grounds:

1.      Plaintiff fails to make any factual allegations supporting any of its causes of action against Mr. Anderson.

2.      Plaintiff's second cause of action ("Trade Dress Infringement") fails to state a claim upon which relief can be granted because the Complaint contains only generic, conclusory allegations, and nothing plausibly showing that Plaintiff is entitled to the relief it seeks. Plaintiff's second cause of action also fails to plead all elements of Trade Dress Infringement.

3.      Plaintiff's third cause of action ("Violation of California Unfair Business Practices Act § 17200") fails to state a claim upon which relief can be granted because the Complaint fails to meet Rule 9(b)'s heightened pleading standards.

4.      Plaintiff's fourth cause of action ("Unjust Enrichment") fails to state a claim upon which relief can be granted because the Complaint contains only generic, conclusory allegations, and nothing plausibly showing that Plaintiff is entitled to the relief it seeks.

5.      Plaintiff's third and fourth causes of action fail to state a claim upon which relief can be granted and they are preempted by federal law.

6.      Plaintiff has filed this complaint in an improper venue under 28 U.S.C. § 1400(b).

7.      This Motion is based on this Notice of Motion and the attached Memorandum of Points and Authorities, on the pleadings and other filings in this action, on all judicially noticeable documents, and on other such matters and arguments as may be presented to this Court.

1

**TABLE OF CONTENTS**

2

MEMORANDUM OF POINTS AND AUTHORITIES .................................................. 8

3

SUMMARY ................................................................................................................. 8

4

STATEMENT OF ISSUES ......................................................................................... 9

5

STATEMENT OF FACTS .......................................................................................... 9

6

      I.     The Parties ...................................................................................... 9

7

      II.    The Complaint ............................................................................... 9

8

ARGUMENT ............................................................................................................. 11

9

      I.     The Legal Standard Supports Dismissal Of All Claims Against Anderson
10
           and Counts II, III, and IV Against Anderson and intelliArmor. ................. 11

11

      II.    The Court Should Dismiss All Claims Against Adam Anderson. ............... 12

12

      III.   The Court Should Dismiss Count II (Trade Dress Infringement) Against All
           Defendants ............................................................................................. 13

13

           A.    Plaintiff fails to clearly articulate its trade dress. ........................... 14

14

           B.    Plaintiff fails to allege its trade dress is non-functional. ................. 14

15

           C.    Plaintiff inconsistently pleads the distinctiveness of its trade dress. 15

16

           D.    Plaintiff fails to plead Defendant's product creates a likelihood of
17
               confusion. ....................................................................................... 16

18
      IV.   Count III of the Complaint (the "§ 17200 Claim") Fails to Meet Rule 9(b)'s
           Heightened Pleading Standard and Should be Dismissed Against All
19
           Defendants ............................................................................................. 16

20
      V.    The Complaint Fails to State A Claim For Unjust Enrichment For Which
           Relief Can Be Granted and Should be Dismissed Against All Defendants. 17

21

      VI.   The Complaint's State Law Causes of Action are Preempted by Federal
22
           Law and Should be Dismissed Against All Defendants. ........................... 18

23
      VII.  This Case Is In The Wrong Venue. ......................................................... 19

24
           A.    The Northern District of California Is An Improper Venue. ........... 19

25
           B.    The Central District of California is the Most Appropriate Venue.. 21

26
      VIII. The Court Should Not Grant Plaintiff Leave to Amend. ........................... 22

27
CONCLUSION .......................................................................................................... 23

28

# TABLE OF AUTHORITIES

**Cases**                                                                   **Page(s)**

*Adidas America, Inc. v. Skechers USA, Inc.*,
   890 F.3d 747 (9th Cir. 2018) ................................................................. 15, 16

*Amazon.com, Inc. v. Straight Path IP Group, Inc.*,
   No. 5:14-cv-04561-EJD, 2015 U.S. Dist. LEXIS 69281 (N.D. Cal., May 28, 2015) ........... 21

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ..................................................................... 11, 12

*Autodesk, Inc. v. Dassault Systemes Solidworks Corporation*,
   No. C 08-04397 WHA, 2008 U.S. Dist. LEXIS 109800
   (N.D. Cal., December 18, 2008) ............................................................ 13

*Bell Atlantic Corporation v. Twombly*,
   550 U.S. 544 (2007) ..................................................................... 11, 14

*In re BigCommerce, Inc.*,
   890 F.3d 978 (Fed. Cir. 2018) ............................................................. 20

*Bonito Boats, Inc. v. Thunder Craft Boats, Inc.*,
   489 U.S. 141 (1989) ..................................................................... 12, 18

*Carter v. Oath Holdings, Inc.*,
   No. 17-cv-07086-KAW, 2018 U.S. Dist. LEXIS 189158 (N.D. Cal., Nov. 5, 2018),
   aff'd 788 F. App'x 436 (9th Cir. 2019) ..................................................... 16

*Clegg v. Cult Awareness Network*,
   18 F.3d 752 (9th Cir. 1994) ............................................................... 12

*Clicks Billiards, Inc. v. Sixshooters Inc.*,
   251 F.3d 1252 (9th Cir. 2001) ......................................................13, 14, 16

*Coastal Abstract Service, Inc. v. First American Title Insurance Company*,
   173 F.3d 725 (9th Cir. 1999) ............................................................. 12

*Committee for Idaho's High Desert, Inc. v. Yost*,
   92 F.3d 814 (9th Cir. 1996) .............................................................. 12

*Cooper v. Pickett*,
   137 F.3d 616 (9th Cir.1997) .............................................................. 17

*In re Cordis Corporation*,
   769 F.2d 733 (Fed. Cir. 1985) ............................................................ 20

*Elan Microelectrics Corporation v. Apple, Inc.*,
   No. C 09-1531 RS, 2009 U.S. Dist. LEXIS 83715 (N.D. Cal. Sept. 14, 2009) ................... 23

*Enerlites, Inc. v. Century Products, Inc.*,
   No. SACV 18-839 JVS(KESx), 2018 U.S. Dist. LEXIS 223173
   (C.D. Cal. Aug. 13, 2018) ........................................................................................... 18

*Fayer v. Vaughn*,
   649 F.3d 1061 (9th Cir. 2011) ..................................................................................... 12

*Free-Flow Packaging International, Inc. v. Automated Packaging Systems, Inc.*,
   No. 17-cv-01803-SK, 2017 U.S. Dist. LEXIS 156997 (N.D. Cal., Aug. 29, 2017).............. 20

*Grogan v. Health Officer of Cty. of Riverside*,
   221 F.3d 1348 (9th Cir. 2000) ..................................................................................... 22

*Hatch v. Reliance Insurance Company*,
   758 F.2d 409 (9th Cir. 1985) ....................................................................................... 21

*Hernandez v. Lopez*,
   180 Cal. App. 4th 932 (2009) ....................................................................................... 18

*International Jensen, Inc. v. Metrosound U.S.A., Inc.*,
   4 F.3d 819 (9th Cir. 1993) ..................................................................................... 14, 15

*Jarvis v. Marietta Corporation*,
   No. C 98-4951 MJJ, 1999 U.S. Dist. Lexis 12659 (N.D. Cal. Aug. 12, 1999) ................... 21

*Jones v. GNC Franchising, Inc.*,
   211 F.3d 495 (9th Cir. 2000) ....................................................................................... 22

*Kearns v. Ford Motor Company*,
   567 F.3d 1120 (2009) ............................................................................................ 16, 17

*Kenu, Inc. v. Belkin International, Inc.*,
   No. 15-cv-01429-JD, 2018 U.S. Dist. LEXIS 91198 (N.D. Cal. May 31, 2018)................. 18

*Marrero v. Patterson*,
   No. C 17-3458 WHA (PR), 2018 U.S. Dist. LEXIS 150312 (N.D. Cal. Sep. 4, 2018)......... 12

*McKell v. Washington Mutual, Inc.*,
   142 Cal. App. 4th 1457 (2006) ..................................................................................... 17

*MH Pillars Ltd. v. Realini*,
   277 F.Supp.3d 1077 (N.D. Cal. 2017) ........................................................................... 17

*Moss v. United States Secret Service*,
   572 F.3d 962 (9th Cir. 2009) ....................................................................................... 11

*Murphy Tugboat Company v. Shipowners & Merchants Towboat Co., Ltd.*,
   467 F. Supp. 841 (N.D. Cal. 1979) ............................................................................... 12

*Mussell v. Federal Home Loan Mortgage Corporation*,
   No. 1:14-cv-00537-EJL-CWD, 2015 U.S. Dist. LEXIS 144715
   (D. Idaho May 22, 2015) ................................................................................ 23

*Neubronner v. Milken*,
   6 F.3d 666 (9th Cir.1993) .............................................................................. 17

*O'Connor v. Uber Technologies, Inc.*,
   No C-13-3826 EMC, 2013 U.S. Dist. LEXIS 171813 (N.D. Cal. Dec. 5, 2013) ................. 13

*Realtime Data LLC v. Nexenta Systems, Inc.*,
   No. CV 2:17-07690 SJO, 2018 U.S. Dist. LEXIS 82679 (C.D. Cal. Jan. 23, 2018) ............. 20

*Sleep Science Partners v. Lieberman*,
   No. 09-04200 CW, 2010 U.S. Dist. LEXIS 45385 (N.D. Cal., May 10, 2010) .................... 14

*Snap! Mobile, Inc. v. Croghan*,
   No. 18-CV-04686-LHK, 2019 U.S. Dist. LEXIS 28759 (N.D. Cal. Feb. 22, 2019) ............. 22

*In re Sony Gaming Networks & Customer Data Securicy Breach Litigation*,
   996 F. Supp. 2d 942 (S.D. Cal. 2014) ............................................................. 23

*Summit Machine Tool Manufacturing Corp. v. Victor CNC Systems, Inc.*,
   7 F.3d 1434 (9th Cir. 1993) ......................................................................... 18

*Swain v. Cach, LLC*,
   699 F. Supp. 2d 1109 (N.D. Cal. 2009) ..................................................... 17, 18

*Taylor v. Yee*,
   780 F.3d 928 (9th Cir. 2015) ......................................................................... 11

*TC Heartland LLC v. Kraft Foods Group Brands LLC*,
   137 S. Ct. 1514 (2017) ........................................................................... 19, 20

*Terrell v. JPMorgan Chase Bank N.A.*,
   No. C14-930 MJP, 2014 U.S. Dist. LEXIS 151291 (W.D. Wash. Oct. 23, 2014) ................ 23

*Two Pesos, Inc. v. Taco Cabana, Inc.*,
   505 U.S. 763 (1992) ............................................................................... 14, 15

*United States v. Corinthian Colleges*,
   655 F.3d 984 (9th Cir. 2011) ......................................................................... 22

*Urban Group Exercise Consultants, Ltd. v. Dick's Sporting Goods, Inc.*,
   No. 12 Civ. 3599 (RWS), 2012 U.S. Dist. 110974 (S.D.N.Y. Aug. 2, 2012) ................... 14

*Van Dusen v. Barrack*,
   376 U.S. 612, 622 (1964) ............................................................................. 21

*Vess v. Ciba–Geigy Corp. USA*,
   317 F.3d 1097 (9th Cir. 2003) ....................................................................... 16

*Zuckerman Family Farms, Inc. v. Bidart Brothers*,
    No. 1:14-cv-01529-AWI-BAM, 2014 U.S. Dist. LEXIS 174384
    (E.D. Cal. Dec. 17, 2014) .......................................................................................... 19

**Statutes**

15 U.S.C. § 1125(a) .......................................................................................... 9, 16

28 U.S.C. § 1391 .......................................................................................... 20

28 U.S.C. § 1400 .......................................................................................... 11, 20

28 U.S.C. §1400(b) ..........................................................................................1, 2, 19, 20

28 U.S.C. § 1404(a) .......................................................................................... 21

28 U.S.C. § 1404(b) .......................................................................................... 8

28 U.S.C. § 1406(a) .......................................................................................... 19

35 U.S.C. § 271 .......................................................................................... 9

California Unfair Business Practices Act § 17200 ................................2, 9, 10, 11, 16, 17, 18, 19

**Other Authorities**

Fed. R. Civ. P. 8(a) .......................................................................................... 11

Fed. R. Civ. P. 9(b) .......................................................................................... 2, 16, 17

Fed. R. Civ. P. 12(b)(3).......................................................................................... 19, 20

Fed. R. Civ. P. 12(b)(6).......................................................................................... 1, 8, 18

1

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

2        Defendants intelliArmor ("intelliArmor") and Adam Anderson ("Anderson") (collectively

3  "Defendants") respectfully submit this Memorandum of Points and Authorities to support

4  Defendants' Motion to Dismiss the Complaint Under Rule 12(b)(6) of the Federal Rules of Civil

5  Procedure for Failure to State a Claim Upon Which Relief Can Be Granted and For Improper

6  Venue Under 28 U.S.C. § 1404(b).

7

## <u>SUMMARY</u>

8        While Plaintiff asserts four causes of action, the true core of this case is design patent

9  infringement. Instead of focusing on design patent infringement, Plaintiff has haphazardly

10  included additional causes of action that are not well pled or are preempted by federal patent law.

11  And, Plaintiff's patent infringement allegations are also defective because Plaintiff filed the

12  Complaint in the wrong district.

13        The Court should dismiss the Complaint in its entirety against Anderson because it makes

14  no factual allegations supporting any cause of action against him. The Complaint pleads no facts

15  specific to Anderson's actions and fails to explain how intelliArmor and Anderson are related.

16  Instead, the Complaint conflates the actions of Anderson and intelliArmor without differentiating

17  between their alleged acts or plausibly alleging why Anderson should be personally liable.

18        The Court should dismiss Count II (Unfair Competition Under Lanham Act – Trade Dress

19  Infringement), Count III (Violation of California Unfair Business Practices Act), and Count IV

20  (Unjust Enrichment) against all Defendants for failure to state a claim. Each cause of action is not

21  adequately pled. The federal notice pleading standard is generous but, as the Supreme Court has

22  repeatedly held, it does not license plaintiffs to litigate based on generic allegations. A plaintiff

23  cannot proceed to discovery by merely plugging a defendant's name into a recitation of elements

24  of causes of action.

25        In addition, Counts III and IV are preempted state law claims centered on allegations

26  concerning federal law—patent infringement—and they should be dismissed for at least that

27  reason.

28        Finally, this Court should dismiss the complaint in its entirety for improper venue, or in the

alternative, transfer to the Central District of California. Anderson and intelliArmor neither reside nor have a regular and established place of business in this District.

## STATEMENT OF ISSUES

1.      Whether the Complaint states a claim upon which relief can be granted with respect to Defendant Adam Anderson.

2.      Whether Count II, Count III, and Count IV of the Complaint state a claim upon which relief can be granted as to Defendants.

3.      Whether this Court is a proper venue or whether this case should be transferred to the United States District Court for the Central District of California.

## STATEMENT OF FACTS

### I.   THE PARTIES

IntelliARMOR is a California corporation headquartered in Anaheim, California. Ex. 1 [Anderson Decl.] at ¶¶ 3-4. Individually-named defendant Adam Anderson resides in Orange County, California. *Id.* at ¶ 1. The Complaint includes no specific allegations regarding Anderson other than stating he is a California resident, and it makes no connection between intelliArmor and Anderson. ECF No. 1 at ¶¶ 7-10. Plaintiff is a technology company with its principal place of business in Fremont, California. *Id.* at ¶ 11.

### II.   THE COMPLAINT

The Complaint alleges four causes of action: (1) design patent infringement (35 U.S.C. § 271); (2) unfair competition under the Lanham Act § 43(a) (alleging trade dress infringement) (15 U.S.C. § 1125(a)); (3) violation of California Business & Professions Code § 17200 (Cal. Bus. & Prof. Code § 17200); and (4) unjust enrichment (Cal. Bus. & Prof. Code § 17200). *See generally*, ECF No. 1. The Complaint alleges Plaintiff sells a product called "HyperDrive" which is a multi-function docking station for laptop computers. *See id.* at ¶ 12. Plaintiff's Complaint alleges that it owns all right, title and interest to United States Design Patent Nos. D813,875 S (the "'875 Patent") and D855,616 (the "'616 Patent"), which are allegedly directed to the design of the HyperDrive. *Id.* at ¶¶ 13-14. The Complaint further alleges that "Defendant" advertised, offered for sale, and sold products embodying the '875 and '616 patents, but provides no specific allegations about

1   these activities. *See id.* at ¶¶ 15-16. While the Complaint alleges that Defendants infringed on

2   Plaintiff's trademark rights and trade dress, it fails to identify Plaintiff's purported trademark or

3   trade dress and provides no factual support for how they were infringed. *See id.*

4          The Complaint names Adam Anderson as a Defendant but says virtually nothing about

5   Anderson himself, or his role in the purported wrongdoing alleged. *See generally* ECF No. 1.

6   Although Plaintiff directs its four causes of action to "Defendants," it at no point differentiates

7   between intelliArmor and Anderson. The Complaint consistently uses the terms "Defendant" and

8   "Defendants" without specifying to whom the allegations are directed. *See generally, id.* The

9   Complaint contains no specific allegations of wrongdoing by Anderson and offers no explanation

10  as to why the alleged actions of intelliArmor should be attributed to Anderson. *Id.* The Complaint's

11  specific allegations for each of its four separate causes of action (*see id.* at ¶¶ 18-48) do not mention

12  Anderson at all, and they identify no specific act of Anderson that would make him personally

13  liable for the alleged conduct.

14         Count II (trade dress infringement) of the Complaint is thin on factual allegations. *See id.*

15  at ¶¶ 23-35. It alleges trade dress infringement yet fails to give even the barest of descriptions as

16  to what that trade dress entails. *Id.* The Complaint does not allege a registration for its trade dress

17  and fails to plead non-functionality and likelihood of confusion. *Id.* The Complaint illogically

18  asserts that Plaintiff's alleged trade dress—whatever it may be—is both inherently distinctive and

19  has acquired distinctiveness and secondary meaning. *Id.* at ¶¶ 27-28.

20         Count III (violation of § 17200) describes the alleged actions as "fraudulent." *Id.* at ¶¶ 1,

21  37, 39, 42, 44. While the Complaint alleges that "Defendant's conduct was a deliberate attempt to

22  copy . . . Plaintiff's product" it is silent as to how either Anderson or intelliArmor knew of, or had

23  access to, Plaintiff's product prior to Plaintiff sending "written notice" of their alleged

24  infringement. *See id.* at ¶¶ 17, 36-44. The Complaint also fails to provide allegations concerning

25  why, where, or how customers are likely to be deceived by Defendants' alleged actions, or what

26  elements of intelliArmor's products are particularly deceptive to customers. *See id.* at ¶¶ 36-44.

27         Count IV simply alleges Defendants have been unjustly enriched because of the violations

28  alleged in Count III but provides no factual support for this claim. *See id.* at ¶¶ 45-49. It fails to

1    detail the benefit Plaintiff is to have conferred upon Defendants and includes no element not
2    already shared by the federal patent infringement claim or Count III. *See id.*

3         The Complaint's venue allegations are virtually non-existent. *See id.* at ¶¶ 6-9. The
4    Complaint only states that intelliArmor is a California Corporation, that Anderson is a resident of
5    California, and that venue is proper under 28 U.S.C. § 1400. *Id.* at ¶¶ 6, 8. The Complaint fails to
6    provide intelliArmor's address, where it is headquartered, or where any alleged acts of
7    infringement occurred. *See id.* For Anderson, the Complaint only states that "he is an individual
8    residing in California." *Id.* at 9.

<b><u>ARGUMENT</u></b>

9    **I.    THE LEGAL STANDARD SUPPORTS DISMISSAL OF ALL CLAIMS AGAINST ANDERSON AND**
10   **COUNTS II, III, AND IV AGAINST ANDERSON AND INTELLIARMOR.**

11        Rule 8(a) of the Federal Rules of Civil Procedure provides that for a pleading to state a
12   claim for relief it must contain a short and plain statement of the grounds for the Court's
13   jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief,
14   and a demand for the relief sought. Fed. R. Civ. P. 8(a)(2). A complaint must provide more than
15   labels and conclusions, and a formulaic recitation of the cause of action will not do. *See Bell Atl.*
16   *Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). Instead, a complaint must allege
17   facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678
18   (2009). The factual allegations of a complaint must be "enough to raise a right to relief above the
19   speculative level." *Twombly*, 550 U.S. at 555.

20        The question when considering whether a complaint sufficiently states a claim is whether
21   the facts alleged in the complaint sufficiently state a "plausible" ground for relief. *Id.* at 556. A
22   claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw
23   the "reasonable inference" that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S.
24   at 678. The plausibility standard is met when a complaint alleges "more than a sheer possibility
25   that a defendant has acted unlawfully." *Id.*

26        That standard is not met, and dismissal is appropriate, where the pleaded facts "do not
27   permit the court to infer more than the mere possibility of misconduct." *Id.* at 679 (internal marks
28   and citation omitted); *Taylor v. Yee*, 780 F.3d 928, 935 (9th Cir. 2015) (citation omitted); *Moss v.*

1    *U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). "Threadbare recitals of the elements of a

2    cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678;

3    *see also Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) ("Although factual allegations are

4    taken as true, we do not assume the truth of legal conclusions merely because they are cast in the

5    form of factual allegations.") (internal quotations omitted). Furthermore, the alleged acts giving

6    rise to Plaintiff's state law claims—alleged copying of Plaintiff's alleged patents—are the

7    exclusive domain of federal patent law. *See Bonito Boats, Inc. v. Thunder Craft Boats, Inc.*, 489

8    U.S. 141, 152 (1989) ("state regulation of intellectual property must yield to the extent that it

9    clashes with the balance struck by Congress in our patent laws").

10   **II.    THE COURT SHOULD DISMISS ALL CLAIMS AGAINST ADAM ANDERSON.**

11        A corporate officer or director is only liable for torts which he authorizes or directs, or in

12   which he participates. *See Coastal Abstract Serv., Inc. v. First Am. Title Ins. Co.*, 173 F.3d 725,

13   734 (9th Cir. 1999); *Committee for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 824 (9th Cir.

14   1996). Courts have consistently stated that a corporate executive will not be held vicariously liable,

15   merely by virtue of his office, for the torts of his corporation. *Murphy Tugboat Co. v. Shipowners*

16   *& Merchs. Towboat Co.*, 467 F. Supp. 841, 852 (N.D. Cal. 1979)

17        Here, as an initial matter, the Complaint makes no allegation that Anderson is a corporate

18   officer or employee of intelliArmor. It is unclear, based on the allegations in the Complaint, how

19   Anderson is connected to intelliArmor. While Anderson is the CEO of intelliArmor (*see* Ex. 1 at

20   ¶ 2), it is Plaintiff's responsibility to allege facts giving rise to a plausible ground for relief. *See*

21   *Marrero v. Patterson,* No. C 17-3458 WHA (PR), 2018 U.S. Dist. LEXIS 150312, at \*7 (N.D. Cal.

22   Sep. 4, 2018) ("review is limited to the contents of the complaint"); *Clegg v. Cult Awareness*

23   *Network,* 18 F.3d 752, 754-55 (9th Cir. 1994). This defect is fatal—there is no plausible claim for

24   relief without pleading facts tying Anderson to intelliArmor.

25        But, that is not all. The Complaint also fails to plausibly plead any cause of action against

26   Anderson because it alleges no facts suggesting he personally authorized, directed, or participated

27   in the alleged acts. *See Murphy Tugboat*, 467 F. Supp. at 852 ("[p]ersonal liability [for torts] must

28   be founded upon specific acts by the individual director or officer"). The allegations of wrongful

conduct in the Complaint are either directed at intelliArmor or appear to lump together all Defendants. *See* ECF No. 1, ¶¶ 18-48. Not a single allegation describes Anderson individually participating in the alleged conduct, which is required for him to be individually liable. The Complaint has just one specific allegation about Anderson—he "is an individual residing in California." ECF No. 1 at ¶ 9. Nothing more.

Even if the Complaint alleged that Anderson was a corporate officer or employee of intelliArmor—which again, it does not—this scant allegation cannot impose individual liability onto Anderson for the alleged actions of intelliArmor. Without particularized allegations that Anderson authorized, directed, or participated in the alleged wrongdoing, Anderson cannot be liable. *See e.g., O'Connor v. Uber Tech's, Inc*., No C-13-3826 EMC, 2013 U.S. Dist. LEXIS 171813 at *63 (N.D. Cal. Dec. 5, 2013) (a complaint merely "identifying [the corporate officers'] roles in the corporation and alleging that they were 'responsible' for pay practices and employment policies does not make it plausible that they were personally liable, any more so than it would any officer responsible for the torts allegedly committed by their corporation"). The Court should grant this Motion to Dismiss as to Anderson in its entirety because the Complaint fails to assert anything of substance related to him.

### III.   THE COURT SHOULD DISMISS COUNT II (TRADE DRESS INFRINGEMENT) AGAINST ALL DEFENDANTS.

In an action for trade dress infringement, a plaintiff "must [] provide detail and clarify the total appearance of the product that [the plaintiff] claims is the trade dress at issue." *See Autodesk, Inc. v. Dassault Systemes Solidworks Corp.*, No. C 08-04397 WHA, 2008 U.S. Dist. LEXIS 109800, at *14 (N.D. Cal., Dec. 18, 2008). It is Plaintiff's burden to "prove: (1) that its claimed dress is nonfunctional; (2) that its claimed dress serves a source-identifying role *either* because it is inherently distinctive *or* has acquired secondary meaning; and (3) that the defendant's product or service creates a likelihood of consumer confusion." *Clicks Billiards, Inc. v. Sixshooters Inc.*, 251 F.3d 1252, 1258 (9th Cir. 2001) (emphasis added).

Here, Plaintiff (1) does not articulate its claimed trade dress; (2) fails to allege its trade dress is nonfunctional; (3) illogically alleges its trade dress is both inherently distinctive and has acquired distinctiveness; and (4) fails to allege Defendant's product creates a likelihood of

consumer confusion. These defects are fatal. Plaintiff must put Defendant on notice of its trade dress infringement claim, and it has not done so. *See Sleep Sci. Partners v. Lieberman*, No. 09-04200 CW, 2010 U.S. Dist. LEXIS 45385, at *7 (N.D. Cal., May 10, 2010).

### A.    Plaintiff fails to clearly articulate its trade dress.

A properly plead trade dress claim "should clearly articulate [the plaintiff's] claimed trade dress to give a defendant sufficient notice." *Id.* "Trade dress refers generally to the total image, design, and appearance of a product and 'may include features such as size, shape, color, color combinations, texture or graphics.'" *Clicks Billiards,* 251 F.3d at 125 1257 (quoting *Int'l Jensen, Inc. v. Metrosound U.S.A., Inc.*, 4 F.3d 819, 822 (9th Cir. 1993).

Nowhere does the Complaint identify Plaintiff's alleged trade dress. Instead, it makes the bare allegation that "Plaintiff has rights to the trade dress of its marketing and goods, including with respect to the HYBERDRIVE." ECF No. 1 at ¶ 24. This is insufficient. The Complaint does not describe how the image, design, or appearance of the HYPERDRIVE make it an identifier of a source of goods. *See Clicks Billiards*, 251 F.3d at 1258. Indeed, the Complaint makes no attempt to even describe the HYPERDRIVE's appearance or make any allegation how the HYPERDRIVE's size, shape, color, color combinations, texture or graphics warrant trade dress protection. The Complaint's threadbare trade dress allegations fail to put Defendants on notice as to the scope of Plaintiff's alleged trade dress rights. Defendants cannot determine the scope of Plaintiff's trade dress infringement allegations, and Count II of the Complaint should be dismissed for at least this reason. *See Sleep Sci. Partners*, 2010 U.S. Dist. LEXIS 45385, at *4-5 (citing *Twombly*, 550 U.S. at 555) (a failure to state a claim dismissal is appropriate if plaintiff does not "give the defendant fair notice of a legally cognizable claim and the grounds on which it rests.")

### B.    Plaintiff fails to allege its trade dress is non-functional.

"Only nonfunctional, distinctive trade dress is protected under" the Lanham Act's provisions protecting unregistered trade dress. *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 776 (1992). Plaintiff must prove its alleged trade dress is nonfunctional. *Clicks Billiards,* 251 F.3d at 1259. Failure to allege non-functionality is fatal to a complaint. *See, e.g., Urban Grp. Exercise Consultants, Ltd. v. Dick's Sporting Goods, Inc.*, No. 12 Civ. 3599 (RWS), 2012 U.S. Dist. LEXIS

1    110974, at *17 (S.D.N.Y. Aug. 2, 2012) ("Because the Amended Complaint fails to allege facts
2    establishing Plaintiff's trade dress to be non-functional, Plaintiff has failed to assert a valid cause
3    of action for trade dress infringement."). "In determining functionality, a product's trade dress
4    must be analyzed as a whole," evaluating not "whether the individual elements are functional but
5    whether the whole collection of elements taken together are functional." *Int'l Jensen*, 4 F.3d at
6    823.

7         The Complaint fails to allege that its trade dress is non-functional. As noted above, the
8    Complaint fails to identify the trade dress, so determining whether "individual elements" of the
9    product or "whether the whole collection of elements taken together are functional" is impossible.
10   *See id.* The Complaint is silent as to non-functionality. *See* ECF No. 1 at ¶¶ 23 - 35. Absent an
11   allegation of non-functionality, Plaintiff's claim must fail.

12              **C.    Plaintiff inconsistently pleads the distinctiveness of its trade dress.**

13        "An identifying mark is distinctive and capable of being protected if it **either** (1) is
14   inherently distinctive **or** (2) has acquired distinctiveness through secondary meaning." *Two Pesos*,
15   505 U.S. at 769 (emphasis in original). As the Supreme Court emphasized, a mark is either
16   inherently distinctive or it acquires distinctiveness. This is so because an inherently distinctive
17   mark does not need to acquire distinctiveness—it already has it. Here, the Complaint alleges
18   Plaintiff's undefined trade dress is inherently distinctive. ECF No. 1 at ¶ 27. Without an alternative
19   pleading, Plaintiff also alleges its undefined trade dress has acquired distinctiveness. *Id.* at ¶ 28.
20   Under *Two Pesos*, this cannot be correct.

21        If the Complaint is read to only allege secondary meaning, it likewise fails to put Defendant
22   on notice of how the distinctiveness was acquired. "[T]rade dress has acquired secondary meaning
23   when consumers associate the design features with a particular producer." *Adidas Am., Inc. v.
24   Skechers USA, Inc.*, 890 F.3d 747, 754 (9th Cir. 2018). But the Complaint's allegations of acquired
25   distinctiveness identify no design features or describe how consumers came to associate these
26   features with Plaintiff. *See* ECF No. 1 at ¶¶ 29-30. Defendant is left to defend against inconsistent
27   allegations with no clear indication of how the alleged secondary meaning was acquired. The trade
28   dress infringement claim fails.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### D.      Plaintiff fails to plead Defendant's product creates a likelihood of confusion.

The core of a Lanham Act claim is likelihood of confusion. *See Clicks Billiards*, 251 F.3d at 1265-66. "To state a claim under the Lanham Act, a plaintiff must allege a likelihood of confusion." *Carter v. Oath Holdings, Inc.*, No. 17-cv-07086-KAW, 2018 U.S. Dist. LEXIS 189158, at *12 (N.D. Cal., Nov. 5, 2018), aff'd 788 F. App'x 436 (9th Cir. 2019). Likelihood of confusion "turns on whether a reasonably prudent consumer would be confused about the source of the goods bearing the marks." *Adidas*, 890 F.3d at 755. Mere "conclusory statements that [a defendant's use] 'deceive[s] and mislead[s] consumers' and 'create[s] likelihood of confusion among consumers'" are not sufficient. *See Carter*, 2018 U.S. Dist. LEXIS 189158 at *12.

Here, the Complaint broadly states "Defendants' use of the Trade Dress is a deliberate and willful effort to deceive, mislead, and confuse consumers to enable Defendants to trade-off of Plaintiff's reputation and goodwill in the HYPERDRIVE." ECF No. 1 at ¶ 31. This is not sufficient. *See Carter*, 2018 U.S. Dist. LEXIS 189158 at *12 (finding similar conclusory allegations insufficient). Nowhere does the Complaint identify a product Defendant is selling that may be likely to be confused with the "HYPERDRIVE." *See* ECF No. 1 at ¶¶ 23 - 35.[1] Nowhere does the Complaint allege consumers are confused. *Id.* Nowhere does the Complaint allege consumers are likely to be confused. *Id.* The Complaint alleges no facts to support an allegation there is a likelihood of confusion. *See Carter*, 2018 U.S. Dist. LEXIS 189158 at *12. The Complaint's "conclusory allegations that consumers are confused are insufficient.," and the trade dress infringement claim fails. *Id.*

### IV.     COUNT III OF THE COMPLAINT (THE "§ 17200 CLAIM") FAILS TO MEET RULE 9(B)'S HEIGHTENED PLEADING STANDARD AND SHOULD BE DISMISSED AGAINST ALL DEFENDANTS.

When asserted in federal court, § 17200 claims are subject to the Fed. R. Civ. P. 9(b)'s heightened pleading standards. *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (2009) ("Rule 9(b)'s heightened pleading standards apply to claims for violations of . . . UCL [§ 17200]") (*citing Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1102-05 (9th Cir. 2003)). The Complaint's § 17200

---

[1] Although the Complaint alleges certain of Defendants' products infringe Plaintiff's patents, these products are not correspondingly alleged as the source of a likelihood of confusion. *See* ECF No. 1 at ¶ 19. Defendant should not have to assume allegations.

1   claim repeatedly alleges Defendant engaged in fraudulent acts, *see, e.g.,* ECF No. 1 at ¶¶ 1, 37, 39,

2   42, showing it is grounded in fraud and triggers Rule 9(b)'s heightened pleading standard. *See*

3   *Kearns*, 567 F.3d at 1125.

4          Rule 9(b) demands that, when averments of fraud are made, the circumstances constituting

5   the alleged fraud "be specific enough to give defendants notice of the particular misconduct . . . so

6   that they can defend against the charge and not just deny that they have done anything wrong."

7   *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir.1993). Averments of fraud must come with "the

8   who, what, when, where, and how" of the misconduct charged. *Cooper v. Pickett*, 137 F.3d 616,

9   627 (9th Cir.1997) (quotations omitted).

10         The Complaint does not come close to meeting the Rule 9(b) standard. It provides no

11   factual allegations regarding "the how" of the alleged fraudulent copying. It does not allege in any

12   detail how intelliArmor knew of, or had access to, Plaintiff's product before Plaintiff's filing of

13   the Complaint so intelliArmor could "fraudulently copy" it. Rule 9(b) requires that a claim of

14   *fraudulent* copying be supported by *specific* allegations regarding access to and knowledge of the

15   work being copied. Fraudulent copying requires access and knowledge of the work being copied,

16   and the Complaint fails to allege these critical facts. The Complaint provides no allegations

17   explaining why customers are likely to be deceived by the alleged actions, where they were

18   deceived, how they were deceived, or what elements of intelliArmor's products are particularly

19   deceptive to customers. Instead, the Complaint offers legal conclusions couched as factual

20   allegations that do not even rise to the level of *Twobly/Iqbal*, let alone Rule 9(b)'s heightened

21   pleading standards. The § 17200 Claim should be dismissed.

22   **V.     THE COMPLAINT FAILS TO STATE A CLAIM FOR UNJUST ENRICHMENT FOR WHICH
           RELIEF CAN BE GRANTED AND SHOULD BE DISMISSED AGAINST ALL DEFENDANTS.**

23         "Unjust enrichment is an equitable claim that sounds in implied or quasi-contract." *MH*

24   *Pillars Ltd. v. Realini*, 277 F.Supp.3d 1077, 1094 (N.D. Cal. 2017). "There is no cause of action

25   for unjust enrichment." *McKell v. Wash. Mutual, Inc.*, 142 Cal. App. 4th 1457, 1490 (2006); *Swain*

26   *v. Cach, LLC*, 699 F. Supp. 2d 1109, 1115-16 (N.D. Cal. 2009). "The doctrine applies where

27   plaintiffs, having no enforceable contract, nonetheless have conferred a benefit on defendant which

28   defendant has knowingly accepted under circumstances that make it inequitable for the defendant

1    to retain the benefit without paying for its value." *Hernandez v. Lopez*, 180 Cal. App. 4th 932, 938

2    (2009). Here, the Complaint does not allege that Plaintiff conferred a benefit upon intelliArmor or

3    facts regarding an implied or quasi-contract where an unjust enrichment claim would be

4    appropriate. Unjust enrichment has no place in this dispute given the Complaint's allegations, and

5    it is not appropriate here. *See Swain*, 699 F. Supp. 2d at 1115-16.

6    **VI.      THE COMPLAINT'S STATE LAW CAUSES OF ACTION ARE PREEMPTED BY FEDERAL LAW AND SHOULD BE DISMISSED AGAINST ALL DEFENDANTS.**

7         Plaintiff's California state law claims (Counts III and IV) are preempted by federal law and

8    should be dismissed under Fed. R. Civ. P. 12(b)(6). To determine whether federal law preempts a

9    state claim, courts must determine "whether the state law claim contains an element not shared by

10   the federal law; an element which changes the nature of the action so that it is qualitatively different

11   from a [federal] infringement claim." *Summit Mach. Tool Mfg. Corp. v. Victor CNC Sys., Inc.*, 7

12   F.3d 1434, 1439–40 (9th Cir. 1993). Federal patent law limits the states' ability to regulate unfair

13   competition; according to the Supreme Court, state law is preempted when it enters "a field of

14   regulation which the patent laws have reserved to Congress." *Bonito Boats,* 489 U.S. 141 (internal

15   quotation omitted); *see also Summit Mach. Tool*, 7 F.3d at 1439, 1442.

16        Here, Plaintiff's § 17200 Claim incorporates by reference and merely restates the federal

17   patent infringement claim. ECF No. 1 at ¶¶ 36-44. The § 17200 Claim merely concludes that

18   Defendants have engaged in alleged unlawful practices, alleged fraudulent practices, and alleged

19   unfair practices by infringing on Plaintiff's intellectual property rights. *Id*. at ¶ 37. This allegation,

20   and the facts about it, directly overlap with the federal law claim of patent infringement—alleged

21   copying of the product is the premise of the design patent infringement claim (Count I). The

22   Complaint provides no basis for the § 17200 Claim other than alleged patent infringement. The

23   § 17200 Claim is merely a patent claim dressed up to look like a state law claim, and California

24   U.S. District Courts have held that such dressing results in preemption. *See Summit Mach. Tool,* 7

25   F.3d at 1439, 1442; *see also Enerlites, Inc. v. Century Prods., Inc.,* No. SACV 18-839 JVS(KESx),

26   2018 U.S. Dist. LEXIS 223173, at *19-20 (C.D. Cal. Aug. 13, 2018) (state unfair competition

27   claims merely based on the patent infringement claims were not qualitatively different; thus, the

28   state unfair competition claims were preempted by federal patent law); *Kenu, Inc. v. Belkin Int'l,*

*Inc.,* No. 15-cv-01429-JD, 2018 U.S. Dist. LEXIS 91198, at *10 (N.D. Cal. May 31, 2018) (Plaintiff's unfair competition claim was a derivative of its patent infringement claims and thus preempted by federal patent law); *Zuckerman Family Farms, Inc. v. Bidart Bros.*, No. 1:14-cv-01529-AWI-BAM, 2014 U.S. Dist. LEXIS 174384, at *24-25 (E.D. Cal. Dec. 17, 2014) (unfair competition claim based on patent infringement is preempted by federal law). Count III is preempted by federal patent law and should be dismissed for this reason alone.

The Complaint's "Unjust Enrichment" claim merely repeats the allegations of the § 17200 claim, which in turn repeats the allegations of the patent infringement claim. ECF No. 1 at ¶¶ 45-49. The unjust enrichment claim appears to simply be a request for relief cloaked in a separate cause of action. *See id.* ("Defendants have engaged in unlawful, unfair, and fraudulent acts and practices, within the meaning of California Business & Professions Code § 17200, *et seq.*, and in violation of the laws set forth in this complaint. As a result, Defendants have been unjustly enriched, at the expense of Plaintiff . . . [i]t would be unjust and/or inequitable for Defendants to retain such benefits . . ."). This claim too is preempted by federal law for the same reasons as the § 17200 Claim. Plaintiff's state law claims have no extra element changing their nature so they are qualitatively different from the federal law claim of patent infringement, so they are preempted.

## VII.   THIS CASE IS IN THE WRONG VENUE.

The Court should dismiss the Complaint for improper venue under Fed. R. Civ. P. 12(b)(3). Plaintiff's Complaint alleges a patent infringement claim, *see* ECF No. 1 at ¶¶ 18-22, and neither Anderson nor intelliArmor satisfy the requirements for the specific patent venue statute, 28 U.S.C. § 1400(b). In the alternative, the Court should transfer this case to the Central District of California, where venue would be proper. *See* 28 U.S.C. § 1406(a). Transfer to the Central District of California is the only viable alternative to outright dismissal.

### A.   The Northern District of California Is An Improper Venue.

Venue is proper in civil actions alleging patent infringement only where (1) the defendant resides or (2) has committed acts of infringement and has a regular and established place of business. *See* 28 U.S.C. § 1400(b); *see also TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1519 (2017) (28 U.S.C. § 1400(b) "is the sole and exclusive provision controlling

1    venue in patent infringement actions, and . . . is not to be supplemented by . . . §1391(c)") (citations

2    omitted). Neither element of the patent venue statute applies here, and the Complaint should be

3    dismissed under Fed. R. Civ. P. 12(b)(3).

4        A "domestic corporation 'resides' only in its State of incorporation for purposes of the

5    patent venue statute." *TC Heartland*, 137 S. Ct. at 1517. In states with multiple judicial districts,

6    such as California, "a corporate defendant shall be considered to 'reside' ***only in the single judicial***

7    ***district within that state where it maintains a principal place of business*** . . . ." *In re*

8    *BigCommerce, Inc.,* 890 F.3d 978, 985-86 (Fed. Cir. 2018) (emphasis added); *see also, Realtime*

9    *Data LLC v. Nexenta Sys., Inc.*, No. CV 2:17-07690 SJO (JCx), 2018 U.S. Dist. LEXIS 82679, at

10   \*10-11 (C.D. Cal. Jan. 23, 2018). Here, even though California has multiple judicial districts, the

11   Complaint merely states that intelliArmor is a California corporation. ECF No. 1 at ¶ 8. The

12   Complaint fails to note that intelliArmor is based in, headquartered in, and has its principal place

13   of business in Anaheim, California, which is in the Central District of California. Ex. 1 at ¶¶ 3-4.

14   Venue in this District is not met under the first prong of § 1400(b).

15       On the second prong, the "test for whether a corporate defendant has a regular and

16   established place in a district 'is whether the corporate defendant does its business in that district

17   through a permanent and continuous presence there and not . . . whether it has a fixed physical

18   presence in the sense of a formal office or store.'" *Free-Flow Packaging Int'l, Inc. v. Automated*

19   *Packaging Sys., Inc*., No. 17-cv-01803-SK, 2017 U.S. Dist. LEXIS 156997, at \*12 (N.D. Cal.,

20   Aug. 29, 2017) (citing *In re Cordis Corp.*, 769 F.2d 733, 737 (Fed. Cir. 1985)). Defendant

21   intelliArmor does not satisfy this test. It has no offices, employees, or operations in in this District,

22   let alone a "permanent and continuous presence." *See* Ex. 1 at ¶¶ 3-4.

23       Venue is not only improper in-fact, but the Complaint also fails to adequately plead venue.

24   Its only allegation supporting venue is the conclusory, legal statement that "[v]enue is proper in

25   this Court pursuant to 28 U.S.C. §§ 1391 and 1400" without more. ECF No. 1 at ¶ 6. While the

26   Complaint alleges elsewhere, unrelated to venue, that intelliArmor "is a California corporation"

27   that is woefully insufficient and merely being a California corporation cannot establish venue

28   under § 1400(b). *See In re BigCommerce, Inc.,* 890 F.3d 978, 985-86 (Fed. Cir. 2018).

**B.     The Central District of California is the Most Appropriate Venue.**

Defendants request an outright dismissal of the Complaint. But, if the Court finds that too harsh, Defendants alternatively seek transfer to the Central District of California. To determine whether transfer is appropriate, the Court first examines whether the action could have been brought in the district to which transfer is sought. *See Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985) (for venue transfer "the court looks to whether the action initially could have been commenced in that district.") (citations omitted)). Here, not only could the Complaint have been filed in the Central District of California, it should have been filed there.

If the proposed district is viable, the Court then goes through an "individualized, case-by-case consideration of convenience and fairness." *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964). The Court may transfer venue "[f]or the convenience of parties and witnesses, [and] in the interest of justice." 28 U.S.C. § 1404(a). "The convenience of the parties is . . . an important factor in determining whether to allow a transfer of venue." *Jarvis v. Marietta Corp.*, No. C 98-4951 MJJ, 1999 U.S. Dist. Lexis 12659, at *10 (N.D. Cal. Aug. 12, 1999). Here, the Court should transfer venue to the Central District of California to avoid forcing the parties to litigate factually related claims in two separate forums. The only proper venue for the patent infringement cause of action is the Central District of California. The facts underlying the patent infringement cause of action overlap substantially, if not completely, with the other three causes of actions in the Complaint— they each concern the same product, same witnesses, and will likely concern the same documents. Transferring the case to the Central District of California provides the best use of judicial and party resources.

Relatedly, the interest of justice factors, such as court congestion and duplication of workload by the courts, favor transfer to the Central District of California. *See Amazon.com, Inc. v. Straight Path IP Grp., Inc.*, No. 5:14-cv-04561-EJD, 2015 U.S. Dist. LEXIS 69281 (N.D. Cal., May 28, 2015). Again, as the patent infringement cause of action must be in the Central District of California, there is little benefit in having this Court hear related claims and commit significant resources duplicating the efforts of the Central District of California. *See id.* ("the Virginia court will already have to commit significant resources to learning the relevant technology in this case

. . . [and] allowing this case to continue in California will only duplicate the workload of the courts . . . the Court finds that this factor tips in favor of transfer.").

> The Ninth Circuit also considers:
>
> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000). Here, the first, fourth, fifth, sixth, and eighth factors all support transfer. For the first factor, there are no agreements negotiated or executed in this District. On the fourth and fifth factors, there is no indication that Defendants have any contact with this District related to Plaintiff's cause of action. The cost of litigating and ease of access to sources of proof factors also support transfer. Defendants reside in the Central District of California and it most likely will provide more witnesses, documents, and sources of evidence than Plaintiff. And, since the patent infringement claim must be transferred to the Central District of California, the cost of litigating the dispute for both parties will be lower if all related claims are heard in the same venue. Transfer is warranted here, if the Court does not dismiss the Complaint entirely.

## VIII.   THE COURT SHOULD NOT GRANT PLAINTIFF LEAVE TO AMEND.

Dismissal without leave to amend is proper if it is clear that the deficiencies of the complaint could not be cured, rendering amendment futile. *Grogan v. Health Officer of Cty. of Riverside*, 221 F.3d 1348 (9th Cir. 2000*); United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011). The Court must determine whether the deficiencies in the pleadings "can be cured with additional allegations that are 'consistent with the challenged pleading' and that do not contradict the allegations in the original complaint." *Id.*

Here, any amendment would be futile. At best, Plaintiff can only speculate about Anderson's alleged roll is in intelliArmor, but such conclusory pleading is insufficient. *See Snap! Mobile, Inc. v. Croghan*, No. 18-CV-04686-LHK, 2019 U.S. Dist. LEXIS 28759, at *49 (N.D. Cal. Feb. 22, 2019) (dismissing claim supported by "one conclusory allegation that '[u]pon information

and belief [Snap] was aware of [Croghan's] need for a leave of absence"); *Elan Microelectrics Corp. v. Apple, Inc.*, No. C 09-1531 RS, 2009 U.S. Dist. LEXIS 83715, *4-5 (N.D. Cal. Sept. 14, 2009) (dismissing claim that "consists of nothing more than a bare assertion, made 'on information and belief'" as insufficient recital of elements supported only by conclusory statements). There is no basis for holding Anderson personally liable.

And, Counts III and IV are not only insufficiently plead, but they are also preempted by federal patent law. There is no factual basis or extra element that would alter this. Lastly, venue in an alleged patent infringement lawsuit is specific and venue will not be proper in this Court for the patent infringement claim regardless of any revised allegations. Thus, under the circumstances, dismissal without prejudice is appropriate. *See, e.g., In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*, 996 F. Supp. 2d 942, 985 (S.D. Cal. 2014) (dismissing unjust enrichment claims with without leave to amend); *Terrell v. JPMorgan Chase Bank N.A.*, No. C14-930 MJP, 2014 U.S. Dist. LEXIS 151291, at *15 (W.D. Wash. Oct. 23, 2014) (dismissing WCPA claims without leave to amend); *Mussell v. Fed. Home Loan Mortg. Corp.*, No. 1:14-cv-00537-EJL-CWD, 2015 U.S. Dist. LEXIS 144715, at *12 (D. Idaho May 22, 2015) (dismissing CPA claim without leave to amend).

## **CONCLUSION**

The Court should grant Defendants' Motion to Dismiss. The Complaint fails to adequately plead causes of action against Anderson individually; the Complaint's state law causes of action are preempted and insufficiently pled; the Trade Dress Claim is insufficiently pled and unsupportable; and venue for the patent infringement allegations is improper in this judicial district. Because of these deficiencies, this Court should grant Defendants' Motion to Dismiss. Respectfully submitted this 30th day of March, 2020.

*/s/ Andrew G. Strickland*
Andrew G. Strickland, CA Bar No. 272364
Email: andrew.strickland@leehayes.com
Lee & Hayes, P.C.
75 14th Street, Suite 2500
Atlanta, GA 30309
Telephone: (404) 736-1925
Facsimile: (404) 815-1700

*Attorneys for Defendants*

1
**CERTIFICATE OF SERVICE**

2
       I hereby certify that on March 30, 2020, I caused to be electronically transmitted the

3
foregoing document to the Clerk of the Court using the CM/ECF system for filing and

4
transmittal of a Notice of Electronic Filing to these participants who are registered CM/ECF

5
users, and will be served by the CM/ECF system per Civil Local Rule 5-5:

6
       Ali A. Aalaei

7
       Email: ali@arilaw.com
       ARI LAW, P.C.

8
       90 New Montgomery Street, Suite 900
       San Francisco, CA 94105

9

10
       */s/ Andrew G. Strickland*

11
       Andrew G. Strickland, CA Bar No. 272364
       Email: andrew.strickland@leehayes.com
       Lee & Hayes, P.C.

12
       75 14th Street, Suite 2500
       Atlanta, GA 30309

13
       Telephone: (404) 736-1925
       Facsimile: (404) 815-1700

14

15
       *Attorneys for Defendants*

16

17

18

19

20

21

22

23

24

25

26

27

28